ORIGINAL

0 8 F
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD W. DRAKE,

          Plaintiff,

    -against-                            **MEMORANDUM AND ORDER**
                                              Case No. 02-CV-1924 (FB) (RML)

LABORATORY CORPORATION OF AMERICA
HOLDINGS, KEVIN WILSON, NORTHWEST
TOXICOLOGY, INC., DAVID J. KUNTZ,
ELSOHLY LABORATORIES, INC., DR. WILLIAM
H. WHALEY, and WEST PACES FERRY
MEDICAL CLINIC,

          Defendants.
-------------------------------------------------------------x

*Appearances:*
*For Plaintiff:*
SAM O. MADUEGBUENA, ESQ.
Maduegbuena Cooper & Ekperigin, LLP
67 Wall Street, 22nd Floor
New York, NY 10005

*For Defendants Laboratory Corporation of America Holdings and Kevin Wilson:*
D. FAYE CALDWELL, ESQ.
Caldwell & Clinton P.L.L.C.
1001 Fannin Street, Suite 1000
Houston, TX 77002

*For Defendants Northwest Toxicology, Inc. and David J. Kuntz:*
JEFFREY HURD, ESQ.
Phelan, Burke & Scolamiero, LLP
302 Washington Avenue Ext.
P.O. Box 15085
Albany, NY 12212

*For Defendant ElSohly Laboratories, Inc.:*
JELTJE DEJONG, ESQ.
Devitt Spellman Barrett, LLP
50 Route 111
Smithtown, NY 11787

*For Defendants William H. Whaley and West Paces Ferry Medical Clinic:*
IRA ROSENSTEIN, ESQ.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

**BLOCK, Senior District Judge:**

In a Memorandum and Order ("M&O") dated March 13, 2007, familiarity with which is presumed, the Court granted in part and denied in part defendants' motion to dismiss. *See Drake v. Laboratory Corp. of Am. Holdings*, 2007 WL 776818 (E.D.N.Y. Mar. 13, 2007). As pertinent to defendant ElSohly Laboratories ("ElSohly"), the Court (1) denied ElSohly's motion to dismiss on statute of limitations grounds, holding that "[plaintiff's] allegations of purposeful concealment and his own due diligence during the period he wishes to toll are sufficient to state a claim for equitable estoppel," *id.* at *8; and (2) ordered limited discovery on the issue of personal jurisdiction over ElSohly, *see id.* at *12. ElSohly has now timely moved for reconsideration of those rulings.

ElSohly first takes issue with the Court's application of the doctrine of equitable estoppel, arguing that "in the absence of any evidence, or even any fact based good faith allegations concerning ElSohly's 'fraud, misrepresentation, or deception,'" there was no basis for the Court to deny its motion for dismissal on statute of limitations grounds. Mot. for Recons. at 2. This argument misstates the relevant standard: As noted in the March 13th M&O, a motion to dismiss on statute of limitation grounds "is properly treated as a Rule 12(b)(6) motion to dismiss," *id.* at *7 (quoting *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989), and "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Id.* (quoting *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 388 (E.D.N.Y.1997)). Plaintiff has alleged that:

> (1) [f]ollowing the termination of his employment, [he] promptly requested [that] Delta and defendants provide him with all records relating to his . . . drug test; (2) [d]efendants failed and refused to provide . . . the required documentation, until the Federal Aviation Authority ('FAA') directed defendant Whaley and Delta in February 2000, to produce same"; and (3) in order to conceal their wrongful acts, all the defendant laboratories (LabCorp, Northwest and ElSohly) intentionally destroyed or claim to have lost all records of the testing."

*Id.* at *8 (quoting Compl. ¶¶ 71-73). In light of these specific allegations, the Court correctly concluded that plaintiff's allegations were "sufficient to state a claim for equitable estoppel" against ElSohly. *Id.*

ElSohly's second argument is that "without a good faith basis to support [plaintiff's] singular allegation of negligence, there is no basis on which to undertake discovery with regard to the [New York] long arm statute as a basis of jurisdiction over ElSohly." Mot. to Recons. at 3. This argument was also addressed in the March 13th M&O: As the Court noted, "[a] plaintiff facing a Fed. R. Civ. P. 12(b)(2) motion to dismiss made before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction," *id.* at *8 (quoting *PDK Labs Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); furthermore, jurisdictional discovery may be ordered "where the plaintiff has made less than a prima facie showing, but 'made a sufficient start toward establishing personal jurisdiction.'" *Id.* at *9 (quoting *Uebler v. Boss Media*, 363 F. Supp. 2d 499, 506 (E.D.N.Y. 2005)). Plaintiff has alleged that "(1) ElSohly committed negligence outside New York; (2) the negligence caused injury to [him] in New York; and (3) ElSohly derived some

3

income from interstate commerce." *Id.* at *12 (citations omitted). Accordingly, the Court correctly ordered limited discovery as to (1) whether Elsohly could have reasonably expected that its negligence would have consequences within New York, and (2) whether its income from interstate commerce was substantial at the time the action was filed; this discovery will allow the Court to determine, on a proper record, whether personal jurisdiction lies under N.Y. C.P.L.R. § 302(a)(3)(ii) and, if so, whether such an assertion of jurisdiction comports with due process. *See id.* at *12.

Since ElSohly has failed to show that the Court "overlooked matters or controlling decisions which might have materially influenced [its] decision," *Park South Tenants Corp. v. 200 Central Park Assocs., L.P.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991), its motion for reconsideration is denied.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 12, 2007