UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RICHARD W. DRAKE,

              Plaintiff,

     -against-

LABORATORY CORPORATION OF
AMERICA HOLDINGS, KEVIN WILSON,
NORTHWEST TOXICOLOGY, INC.,
DAVID J. KUNTZ, ELSOHLY
LABORATORIES, INC., DR. WILLIAM H.
WHALEY, and WEST PACES FERRY
MEDICAL CLINIC,

              Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 02-CV-1924 (FB) (RML)

**BLOCK, Senior District Judge:**

       This memorandum and order addresses several pending discovery motions:

       1.     Defendants' motion for an order requiring plaintiff to appear for an interview by a vocational rehabilitation expert pursuant to Federal Rule of Civil Procedure 35(a) is denied. Rule 35(a) authorizes examinations of "a party whose mental or physical condition . . . is in controversy." While the rule authorizes an examination by a vocational rehabilitation expert when the plaintiff's ability to do work is impacted by a physical or mental impairment, *see, e.g., Malone v. Med Inn Ctrs., LLC*, 2004 WL 1080155, at *2 (W.D.N.Y. Apr. 20, 2004), it does not apply "where a party seeks a mere vocational assessment not connected with any physical or mental examination," *Storms v. Lowe's Home Ctrs., Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002). Here, plaintiff represents that he intends to offer evidence that he is effectively unemployable due to the "notoriety" of his

allegedly having failed a drug test by his prior employer, not because of any mental or physician condition.

2. Plaintiff's motion to replace Dr. Jesse Bidanset as his toxicology expert is granted. The Court credits plaintiff's counsel's representation that Dr. Bidanset held himself out as possessing the necessary qualifications to opine on drug testing under DOT regulations as they existed in 1993; his disavowal of such qualifications at his deposition constitutes good cause for his replacement past the deadline for the disclosure of plaintiff's experts. Unlike the plaintiffs in *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357 (S.D.N.Y. 2003), *aff'd*, 2004 WL 1109846 (2d Cir. May 17, 2004), plaintiff here sought to replace his expert reasonably promptly. *Cf. id.* at 386 ("[P]laintiffs were placed on notice, months ago, that their [experts'] reports opinions, and testimony were flawed in many respects. Yet, plaintiffs made no effort to add or substitute other experts – until all the motions, including the summary judgment motions, had been filed and briefed and the *Daubert* motions had been decided."). The Court will take under advisement defendants' request for fees and costs associated with deposing Dr. Bidanset and reviewing his report; in the meantime, defendants shall submit an itemized list of such fees and costs.

3. Defendants' motion to strike plaintiffs' designation of Dorothy D'Anna, Pamela DeBisschop and CiCi Carter as witnesses is granted. Plaintiff does not object to striking his designation of Carter; with respect to D'Anna and DeBisschop, plaintiff has known since at least 2004 that those individuals had "discoverable information . . . that the disclosing party may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(i), because he called them as witnesses in his related lawsuit against Delta Airlines. Providing defendants with the entire litigation file for that lawsuit was insufficient to put defendants on notice that plaintiff intended to rely on D'Anna and DeBisschop in support of his claims in *this* lawsuit.

4. Defendants shall forthwith complete the disclosures required by Rule 26(a)(2) for all of their experts, excluding the expert rebutting plaintiff's toxicology expert.

5. In light of the foregoing, the pretrial schedule is modified as follows:

| | |
|---|---|
| May 22, 2009 | Designation of plaintiff's replacement toxicology expert **and** disclosure of his or her report |
| June 19, 2009 | Designation of defendants' rebuttal toxicology expert **and** disclosure of his or her report |
| June 19, 2009 | Status conference (previously scheduled) |
| July 3, 2009 | Close of all discovery, including expert discovery |
| July 17, 2009 | Dispositive motions served |
| August 7, 2009 | Responses to dispositive motions served |
| August 14, 2009 | Replies to dispositive motions served and fully briefed motions filed |
| September 8, 2009 | Jury selection (previously scheduled) |

Absent truly extraordinary circumstances, no requests for further modifications of this scheduled will be entertained.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 7, 2009